## FISSELL v MORRIS

Ohio Appeals, 4th Dist, Pickaway Co
Decided Dec 26, 1930

Charles Dresbach, George G. Adkins, and Tom A. Renick, all of Circleville, for Fissell.

Barton Walters and C. A. Weldon, both of Circleville, for Morris.

BLOSSER, J.

The question for our determination is whether under the laws of Ohio a surviving partner can maintain an action in the Court of Common Pleas for an accounting in a partnership dissolved by the death of one of the partners. The decision of this question involves the construction of §8085 to §8091 GC. §8085 GC provides:

**"Duties of Surviving Partner.**

When a member of any partnership in

this state dies, the surviving partner or partners upon the appointment of an executor or administrator of the estate of such deceased partner, shall forthwith make application to the probate court of the county in which the partnership existed, upon first giving notice of the time of the hearing of such application to the executor or administrator, for the appointment of three judicious, disinterested appraisers, who shall make out under oath a full and complete inventory and appraisement of the entire assets of the partnership including any real estate, together with a schedule of the debts and liabilities thereof, and deliver it to the surviving partner or partners, to be by him or them forthwith filed in the probate court of the county in which such appraisers were appointed."

The sections immediately following provide the procedure under which a surviving partner may purchase the interest of the deceased partner, the giving of bond and the appointment of a receiver to wind up the business of the partnership in accordance with the statutes governing receivers.

Sec 8085 GC provides that the appraisers shall make out a complete inventory and appraisement of the entire assets of the partnership. If the deceased left a large amount of money which was not profits such net profits would necessarily be partnership assets and should be appraised as such. The statute also provides that the appraisers shall make out and file a schedule of the debts and liabilities of the partnership. It would be the duty of creditors to file their claims. The plaintiff avers that the partnership had no debts. This is a matter about which he could not know. This assertion was a mere matter of surmise or conjecture. It could not be ascertained what debts there were until some one was appointed with whom the claims could be filed. The mode of procedure mapped out by the statute is full and complete to give the plaintiff ample relief and a full opportunity to have his claim adjudicated. The provisions of §8085 GC are mandatory and exclusive. The Probate Court has complete jurisdiction and full authority to adjudicate the rights of the parties in this case. The jurisdiction of the Probate Court was invoked and had control over the estate of William W. Miller.

The rule is well expressed by our Supreme Court in the case of **Dwyer v Carlough, 31 Oh St 159**, as follows:

"Where a court of competent jurisdiction has acquired possession of the subject matter of litigation, and the right of the party to prosecute his action once attaches, the right of the court to retain the case and the party to prosecute it can not be defeated by the institution of proceedings in another court altho of concurrent and coordinate jurisdiction."

The Probate Court, having taken jurisdiction of the affairs and settlement of the estate of William W. Miller, will continue to have such jurisdiction until the estate is finally settled.

The courts of Ohio support the construction which we have placed upon §8085 GC, **Duvall v Faulkner, 113 Oh St 543.** In the opinion in **Insurance Co. v Carnahan, 19 C C. 98**, the third syllabus is as follows:

"Section 5167 R. S., as amended and now in force, provides for the manner in which partnerships on the death of one of the partners shall be wound up, and is exclusive of any rights which the surviving partner may have had under the common law in such cases."

At page 105 of the opinion the court said:

"But since the last amendment providing for a receiver it would seem that the legislature intended to provide an exclusive means for winding up the affairs of a partnership. It is certainly very doubtful whether in Ohio a surviving partner has such right in closing up the affairs of a partnership as he had at common law."

In the case of **Weitz v Weitz, 15 Oh Ap 125, at page 145**, the court in the opinion among other things said:

"The code provides for a complete settlement of the partnership business if the surviving partner takes the partnership property at the appraisement. In case he refuses or neglects to take the partnership property a receiver is appointed, who must proceed to wind up and dispose of the assets in accordance with the statute governing receivers. The Probate Court is given complete jurisdiction to appoint and control the receiver. It is evident that the legislature intended to confer on the Probate Court jurisdiction, upon the death of one of the partners, to settle the partnership business."

To the same effect is **Anderson et al v Insurance Co., 22 Oh Ap 209.**

Counsel for the executor have cited other cases in support of their contention that the Court of Common Pleas is without jurisdiction. It is true, as pointed out in the

able brief of counsel for the plaintiff in error, that these cases were not based upon the exact facts of the instant case. Nevertheless the principle of law laid down in all of these cases is to the effect · that the statute, having provided a remedy for the settlement of partnership affairs, is exclusive.

For the reasons above stated the Court of Common Pleas was without jurisdiction to entertain the case and the suit was properly dismissed.

Counsel for the defendant in error urge another reason why the judgment of the court below should be affirmed. The executor in the second defense of his answer alleges in substance that soon after the death of the decedent and the appointment of the executor, the plaintiff having full knowledge of all his relations with the deceased during the latter's life time and of the partnership business, with the assistance and advice of his legal counsel, prepared, verified and filed with the executor a claim against the estate of the deceased and demanded the allowance and payment of the same; that the plaintiff averred under oath that the entire profits from the fur business were the sole and individual property of the deceased, and at that time set forth and represented that he was a servant and employe of the deceased; that the decedent was indebted to him in the sum of one thousand dollars per year for services; that the executor refused and rejected the claim and notified the plaintiff of the rejection of it as a claim against the estate, and that no action was ever brought thereon; that the claim so filed by the plaintiff was inconsistent with the claim urged in the petition herein, and that the plaintiff is estopped to claim that ·he is entitled to any share of the partnership assets. The plaintiff in his reply to this defense alleged that the claim set out in the second defense of the answer resulted from the inadvertance, mistake and want of understanding of the facts by the attorney who prepared the claim, and that the plaintiff signed and filed the same without understanding or realizing its effect. It is urged by the executor that under this state of the pleadings the plaintiff is estopped to prosecute his claim and that the executor is entitled to judgment on the pleadings. It is possible that if a trial were had upon these issues and evidence were presented to the court it might be difficult for the plaintiff to succeed. However, it can not be said as a matter of law that an estoppel has been created.

In view of the fact that the Court of Common Pleas was without jurisdiction to entertain the case that court properly dismissed the petition, and for the above reasons the judgment of the lower court is affirmed.

MIDDLETON, PJ, and MAUCK, J, concur.