## McSHAFFREY, Exrx v McSHAFFREY

Ohio Appeals, 9th Dist, Summit Co

No. 1937.  Decided June 5, 1931

Rockwell, Grant, Thomas & Buckingham, Akron, for McShaffrey, Extrx.

C. M. Myers, Akron, for McShaffrey, et.

PER CURIAM

Neither Canfield, nor Rose McShaffrey as a partner or as executrix, applied to the Probate Court under §8085 et seq GC for the settlement of the partnership affairs, but on the contrary it was agreed by said Canfield and said Rose McShaffrey that the affairs of the partnership should continue as they were before the death of said Tom McShaffrey, and all of the matters in controversy arose from the dealings and conduct of the parties subsequent to the death of Tom McShaffrey.

After the death of Tom McShaffrey, Rose McShaffrey continued to advance money for the care of said trees, and Canfield continued to superintend said enterprise until June of the following year, when a disagreement arose, and soon thereafter Rose McShaffrey, as executrix, brought this action for the appointment of a receiver for the partnership and the winding up of its affairs and an accounting.

It is urged by Canfield that the procedure outlined in §8085 et seq GC, provides an exclusive remedy for the winding up of partnership affairs where one of the partners dies, and that therefore this action, brought under the circumstances indicated, cannot be maintained.

As has been said, neither party availed himself of the proceedings provided for in said statutes, but on the contrary, said Canfield and Rose McShaffrey, who was the sole beneficiary under the will of her husband, and as one of the partners, continued to carry out the partnership arrangement for ten months thereafter, as though the estate of said decedent had been fully settled, and all of the matters in dispute involved in this suit arose after the death of McShaffrey and while the parties were continuing to carry out the partnership arrangement.

Even if, under certain circumstances, surviving partners are required to proceed as provided in said statutes, we are of the opinion that, under the circumstances shown in this case, the parties waived their right to have the partnership affairs so administered in the Probate Court, and that the Common Pleas Court was not deprived of the power to hear and determine the matters involved in this litigation.

From our examination of the evidence offered in this case, we are unanimously of

the opinion that the Common Pleas Court reached the proper conclusion in this case, with the exception that Jesse C. Canfield should be charged with $1477.75 which he received from the Cole Nursery Co., $560.75 which he received from Payne, and $236.95 miscellaneous receipts, making a total of $2275.45—from which should be deducted the $500 as a reasonable allowance to him for digging and packing trees sold.

An order may be entered taking the account as indicated and directing the receiver to sell the property of the partnership and collect the debts due the partnership, as was ordered by the Common Pleas Court, and the cause is remanded to that court for further proceedings according to law.

PARDEE, PJ, WASHBURN, J, and FUNK, J, concur.