NAHAS, ADMX., APPELLANT, v. GEORGE, APPELLEE.

(No. 3976—Decided April 12, 1949.)

*Messrs. Brouse, McDowell, May, Bierce & Wortman,* for appellant.

*Messrs. Slabaugh, Guinther & Pflueger* and *Mr. Albert F. Schwartz,* for appellee.

HUNSICKER, J.   Lillian Nahas, as administratrix of the estate of Elias Nahas, deceased, commenced an action in Common Pleas Court, praying for an accounting of partnership profits and an undivided one-half interest in a partnership which she claims existed between her deceased husband, Elias Nahas, and Solomon George, the appellee herein.   Mr. George denies that any partnership ever existed between Elias Nahas and himself, as claimed by the administratrix-appellant.

This appeal from the judgment of the Common Pleas Court is here on law and fact.   We have carefully read and considered the transcript of testimony and the exhibits introduced herein, and are unanimously of the opinion that appellant has established the existence of a partnership between Elias Nahas and Solomon George, as claimed in the petition.

This partnership having been dissolved by the death

·of Elias Nahas on February 22, 1942, the question immediately facing us concerns the application of Section 8085 *et seq.*, General Code, to the facts of this ·case.

We have considered the case of *McShaffrey, Exrx.,* v. *McShaffrey,* 10 Ohio Law Abs., 408, decided by the ·Court of Appeals of this district on June 5, 1931, but find that it has no application to the facts of the instant case.

Section 8085, General Code, provides:

"When a member of any partnership in this state ·dies, the surviving partner or partners, upon the appointment of an executor or administrator of the estate ·of such deceased partner, shall, forthwith, make application to the probate court of the county in which the partnership existed, upon first giving notice of the time of the hearing of such application to the executor ·or administrator, for the appointment of three judicious disinterested appraisers, who shall make out, under oath, a full and complete inventory and appraisement of the entire assets of the partnership, including any real estate, together with a schedule of the debts and liabilities thereof, and deliver it to the ·surviving partner or partners, to be by him or them forthwith filed in the probate court of the county in ·which such appraisers were appointed."

By the terms of this and the related following sections, the mode of procedure is set out whereby a surviving partner winds up the partnership business. The provisions of these sections are mandatory, and the exclusive jurisdiction lies in the Probate Court to ·complete the affairs of this partnership.

We believe the reasoning followed in the case of *Fissell* v. *Morris,* 9 Ohio Law Abs., 625, is proper and persuasive, and, in that case, the court said, at page ·626:

"The mode of procedure mapped out by the statute is full and complete to give the plaintiff ample relief and a full opportunity to have his claim adjudicated. The provisions of Sec. 8085 G. C. are mandatory and exclusive. The Probate Court has complete jurisdiction and full authority to adjudicate the rights of the parties in this case."

A decree may be prepared dismissing the petition herein, for the reason that jurisdiction of the subject matter of this action is vested exclusively in the Probate Court.

*Decree accordingly.*

STEVENS, P. J., and DOYLE, J., concur.